774 F.2d 1162
 Unpublished DispositionNOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.L.K. Ferrell, Petitioner,v.Director, Office of Workers Compensation Programs, U.S.Department of Labor, Respondent.
 No. 84-3572
 United States Court of Appeals, Sixth Circuit.
 9/17/85
 
 Ben.Rev.Bd.
 REVERSED AND REMANDED
 On Petition for Review of a Decision of the Benefits Review Board of the U.S. Department of Labor
 BEFORE: KEITH and MERRITT, Circuit Judges; DOWD,* District Judge.
 PER CURIAM.
 
 
 1
 Appellant Ferrell appeals from an order of the Benefits Review Board of the U.S. Department of Labor denying him benefits on his Black Lung Act Claim, (Title IV of Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq.), #80-4230 BLA, OWCP #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. Administrative Law Judge George C. Fath rejected the appellant's claim on September 3, 1981, after a formual hearing. The ALJ denied the claim for black lung benefits under both 20 CFR 727.203(a) and 20 CFR Part 410 upon the determination that the appellant had established upon the determination that the appellant had established only eight and three quarters years of coal mine employment and had failed to establish that he was totally disabled due to pneumoconiosis arising out of his coal employment. On appeal, the Benefits Review Board affirmed the ALJ's finding of 8 3/4 years of employment and nonentitlement to black lung benefits under 20 C.F.R. Sec. 727.203(a). The Benefits Review Board did not consider the denial of benefits under Part 410 because the appellant did not challenge that determination.
 
 
 2
 The sole issue raised before this Court is whether the Benefits Review Board correctly affirmed the ALJ's determination that the appellant had been engaged in coal mine employment for only 8 3/4 years. The ALJ's determination negated the appellant's eligibility for consideration for black lung benefits under the interim presumption provisions of 20 C.F.R. Sec. 727.203(a).1 The ALJ adopted the position of the Director that the appellant had not worked the required ten years to enjoy the benefit of the interim presumption recognized by 20 C.F.R. Sec. 727.203(a) because the appellant's social security records reflected only 35 quarters of coal mine employment earnings in excess of $100 a quarter. The appellant's itemized statement of earnings complied by the Social Security Administration for 1946 through 1971, when the appellant admittedly ceased working in the coal mines, indicate 35 separate quarters (i.e., January-March; April-June; July-September; and October-December) in which coal mining employers of the appellant reported his earnings to be in excess of $100.00 for the quarter. The quarters recognized by the Director and the ALJ spanned two decades from 1951 to 1971.
 
 
 3
 The ALJ credited the appellant with a quarter of a year of employment in the coal mining industry for each quarter in which his total earnings exceeded $100.00. Based upon that standard, the appellant's itemized statement of earnings compiled by the Social Security Administration resulted in the ALJ crediting the appellant for 2 quarters in 1951, 4 quarters in 1952, 4 quarters in 1953, 2 quarters in 1958, 4 quarters in 1959, 1 quarter in 1960, 1 quarter in 1962, 2 quarters in 1963, 1 quarter in 1965, 2 quarters in 1966, 2 quarters in 1967, 3 quarters in 1968, 2 quarters in 1969, 3 quarters in 1970 and 2 quarters in 1971. In sum, using a minimum of $100.00 as a prerequisite for counting the quarter, the appellant had four quarters in the first or winter quarter, ten quarters in the second or spring quarter, thirteen in the third or summer quarter and eight in the fourth or fall quarter for a total of thirty-five or 8 3/4 years. Additionally, the appellant was credited with earnings of less than $100.00 a quarter for the winter and summer quarters of 1954, the summer quarter of 1958, the winter and summer quarters of 1960, the summer quarter of 1961, the fall quarter of 1966 and the winter quarter of 1970.
 
 
 4
 The appellant testified that he began working in the coal mine industry in 1949 and identified twelve separate employers during the 22 year span.2 In ruling that the appellant had failed to demonstrate the requisite ten years of employment required for application of 20 C.F.R. Sec. 727.203(a), the ALJ rejected the appellant's testimony as to his coal mining employment for which there was no independent verification contained in the Social Security Administration itemized statement of earnings. The ALJ also rejected the affidavits of fellow employees which related to the alleged employers for which there was no Social Security verification.
 
 
 5
 Director's Exhibits 12, 13 and 14 are affidavits of fellow employees Floyd Blankenship and Claud Justice which vouch for the appellant's employment by employers Sammon Coal Co., Benton Simpson Coal Trucking Co. and Ira Simpson Trucking Co. Only Sammon Coal Company is accounted for on the itemized statement of appellant's earnings maintained by the Social Security Administration if one assumes that Sammon Coal Company and Sammons Construction Company are the same employer. The Blankenship and Justice affidavits filed in 1977 on the applicable government forms cover the 1954-1957 period for which the ALJ gave the appellant no credit for employment in the coal industry. Claimant's exhibits 2, 5 and 6 by affiants Mitchell, Worford, and Maynard support appellant's testimony that he was employed by Ira Simpson in 1956 and 1957 and by Clarence Chapman Trucking from 1949 to 1951. No evidence was presented by the Director to discredit the affidavits of the fellow employees Justice, Blankenship, Mitchell, Worford and Maynard.
 
 
 6
 It is well settled that it is appropriate to consider the Social Security earning records in determining the number of years of employement in the coal mining industry in black lung cases. Trusty v. Director, OWCP, 2 Black Lung Rep. 1-582 (1979), aff'd No. 81-3718, slip op. (6th Cir., March 15, 1983); Farris v. Director, OWCP, 1 Black Lung Rep. 1-800 (1978). However, it is equally well settled that evidence of employment may be proved by the testimony of the claimant, or other witnesses. 20 C.F.R. Sec. 718.301(a). In Trusty, supra, the claimant was credited with four years service with an employer based upon the affidavit of a co-worker, even though the Social Security Records only allowed for 1.5 years credit.
 
 
 7
 In Niccoli v. Director, OWCP, 6 Black Lung Rep. 1-910 (1984), the ALJ credited the miner with ten years of service although the Social Security earnings records were not complete, premised upon the testimony of the claimant's widow and friend.
 
 
 8
 In the case before the Court, it was unreasonable for the ALJ to completely discount the appellant's testimony and the affidavits of his co-workers. The ALJ stated that the the affiants clearly set forth that they were co-workers of the appellant during the time period to which they attest. Moreover, it seems unreasonable to believe, as the ALJ impliedly found, that the appellant, after working 10 consecutive quarters in the coal mining industry from the third quarter in 1951 through the winter quarter in 1953, ceased all employment in the coal industry for 4 1/2 years from 1954 until the summer quarter in 1958. Yet sole reliance upon the Social Security records so indicates if the testimony of the appellant and the affidavits of his co-workers are ignored.
 
 
 9
 In sum the Court finds that there is not substantial evidence to support the ALJ's finding that the appellant had not worked ten years in the coal mining industry. To the contrary, there is substantial evidence that the appellant did work at least ten years in the coal mining industry. Further findings of fact are necessary, however, to determine whether claimant's employment in the coal mining industry involved the 'extraction, preparation or transportation of coal' to invoke the provisions of 20 C.F.R. Sec. 727.202(a) and 203(a). Southard v. Director, OWCP, 732 F.2d 66, 69 (6th Cir. 1984); 30 U.S.C. 902(d).
 
 
 10
 The ALJ stated in passing that even if the ten year minimum had been met, the appellant had failed to prove that he met one or more of the four medical requirements for an award of benefits under 20 C.F.R. Sec. 727.203(a). However, the ALJ did not elaborate upon that finding so as to provide for appellate review. Rather the ALJ limited his discussion to the issue of whether the appellant had proved actual disability as required if the interim presumptions do not apply. Consequently, further proceedings are necessary to determine whether the petitioner is entitled to benefits pursuant to 20 C.F.R. Sec. 727.203(a).
 
 
 11
 The decision of the Benefits Review Board is reversed and this case is remanded to the Director for further proceedings according to law.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 1
 Sec. 20 C.F.R. Sec. 727.203(a) provides in pertinent part:
 Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met . . ..
 
 
 2
 The employers identified by the appellant in his testimony included Clarence Chapman Trucking Co. (1949-1951), Ross Coal Company (1951-1954), Sammon Coal Company (1954-1955), Benton Simpson Trucking Co. (1955-1956), Artie Simpson (1956-1958), M & V Coal Co. (1958-1961), Quentin White Auger Company (1961), Jackie Hatfield's Trucking Co. (1963-1966), Lloyd Blankenship (1966), Hobet Mine Company (1967-1969), S & D Coal Company (1969-1971), and Mary Mounts Coal Company (1971). By way of comparison, the itemized statement of earnings compiled by the Social Security Administration list the employers and the quarters of credit with earnings in excess of $100 for the quarter as follows: (1) H. L. Ross: 2 quarters for 1951; (2) Howard Ross: 4 quarters for 1952 and 2 quarters for 1953; (3) Sammons Construction Company: 1 quarter for 1953; (4) H. L. Ross and Paul Flinchum Lynthrough Coal Co.: 1 quarter for 1953; (5) Carl May Coal Co.: 2 quarters for 1958 and 1 quarter for 1959; (6) Madge May and Faye Varney TAM&V Coal Co.: 3 quarters for 1959; (7) Madge May M&V Coal Co.: 1 quarter for 1960; (8) Mate Creek Coal Company, Inc.: 1 quarter for 1960 (Note: both M & V Coal Company and Mate Creek Coal Company, Inc. credited the appellant with earnings in excess of $100 for the second or spring quarter of 1960 showing a total income of approximately $600, but the appellant was allowed credit for only one quarter in 1960) (9) Quentin White Auger Co.: 1 quarter for 1962 and 2 quarters for 1963; (10) Jack C. Hatfield Pearly Epling-Jackie Hatfield Trucking Co.: 1 quarter for 1965 and 1 quarter for 1968; (11) Lloyd Blankenship Coal Co., Inc.: 2 quarters for 1966; (12) Hobet Mining & Construction Co., Inc.: 2 quarters in 1967 and 2 quarters in 1968; (13) S & D Coal Co., Inc.: 2 quarters in 1969 and 3 quarters in 1970; (14) Mary Mounts Coal Company, Inc.: 2 quarters in 1971